**Motion Granted; Order filed December 15, 2015**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-15-00849-CV**

_____

## IN THE GUARDIANSHIP OF THE ESTATE OF LILI ALEXANDER SHESHTAWY, A MINOR

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause Nos. 407499, 407499-401 & 407499-402**

## ORDER

On November 25, 2015, appellant, who is appearing pro se, filed timely motions in this court challenging the trial court's November 20, 2015, rulings sustaining contests to her affidavits of indigence. *See* Tex. R. App. P. 20.1(j)(1), (2). When a motion to review the trial court's ruling on indigence is filed, the trial court clerk and the court reporter must prepare, certify, and file the record of the hearing on the contest to the claim of indigence within three days after the motion is filed. *See* Tex. R. App. P. 20.1(j)(3).

The trial court clerk filed a record on November 30, 2015. The record

reflects a hearing was held on the contests to appellant's affidavit of indigence on November 19, 2015. No record of the hearing was filed.

Under the unambiguous language of Texas Rule of Appellate Procedure 20.1(j), if the appellate court does not deny a motion under Rule 20.1(j) within 10 days after the motion is filed, this motion is granted by operation of law. Tex. R. App. P. 20.1(j)(4). If the court reporter does not file the hearing record within 10 days after the filing of the motion, as in this case, this court has no ability to review the merits of the motion, and the motion is granted by operation of law regardless of whether the motion has merit. Tex. R. App. P. 20.1(j)(4). This rule places a heavy burden on the trial court clerk and the court reporter to act expeditiously in preparing, certifying, and filing the hearing record. If they fail to do so, then this court has no ability to review the merits of the motion.

More than 10 days have passed since the motion was filed and appellant's motion was granted by operation of law. Accordingly, appellant may proceed on appeal without the advance payment of costs.

Accordingly, the Harris County  County Clerk is directed to file the appellate record **within 30 days** of the date of this order.

The official court reporter for the Harris County Probate Court No. 1 is directed to file the reporter's record **within 30 days** of the date of this order. If no record was taken during the underlying proceedings, the court reporter shall so advise this court **within 10 days** from the date of this order.

Appellant's brief will be due 30 days after the complete record has been filed. *See* Tex. R. App. P. 38.6(a).

PER CURIAM